UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 0:22-cv-62177-WPD

| | |
|---|---|
| INNOVATIVE EMERGENCY MANAGEMENT, INC., a Louisiana corporation, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| ABML, LLC, a Florida limited liability company, | ) ) ) ) |
| Defendant. | ) ) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S
AMENDED MOTION TO DISMISS PLAINTIFF'S VERIFIED COMPLAINT
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, INNOVATIVE EMERGENCY MANAGEMENT, INC. ("***IEM***"), by and through its undersigned counsel, and pursuant to S.D. Fla. L.R. 7.1, files its Response in Opposition to Defendant, ABML, LLC's ("***ABML***") Amended Motion to Dismiss IEM's Verified Complaint [D.E. 17] ("***Motion***").

**PRELIMINARY STATEMENT**

In its Complaint, IEM showed that ABML took approximately $29 million unilaterally while failing to make IEM's *pro rata* distribution. These allegations are now effectively admitted. But, rather than correct its breach, ABML attempts to shield it from judicial review by advancing a definition of "hereunder" that is expressly rejected by the parties' LLC Agreement (the "***Agreement***").

Indeed, ABML's Motion is based entirely on the argument that the word "hereunder" in Article 13.7 of the Agreement refers only to the Dispute Resolution procedures set forth in Article 13 and not to the Agreement as a whole.  However, Article 15.1 of the Agreement expressly defines the term "hereunder".  [D.E. 1, pg. 43].  That definitional section provides that "the words "herein," "hereof," "hereby," "hereto," and "hereunder" refer to **this Agreement as a whole**."  *Id*. (emphasis added).  Because ABML's interpretation of the term "hereunder" contradicts the definition contained in the Agreement, ABML's Motion is without merit.

ABML's argument is also illogical.  Although the Agreement contains an arbitration clause in Article 13.5, it also includes a provision permitting the parties to file suit in court to seek equitable relief, including an injunction.  (Article 13.7).  IEM filed this case seeking injunctive relief as redress for ABML's unilateral distribution to itself.  Because the parties' Agreement clearly permits IEM to file suit in court in such circumstances, IEM's Complaint was proper, and should not be dismissed.

Finally, in the "Factual Allegations" section, ABML outright states that it "declined to make Plaintiff's *pro rata* distribution." [D.E. 17, pg. 2].  This is the reason why IEM filed this case and filed its Motion for Preliminary Injunction.  ABML's admission proves IEM's claim and, in turn, supports IEM's request for injunctive relief.

## **MEMORANDUM OF LAW**

### A.     *The Court Has Subject Matter Jurisdiction Over this Case*

In its Motion, ABML argues that "for any disagreement other than over enforcement of the Disputes Resolution procedure itself, the parties must follow that [*sic*] contractually agreed process [,] which escalates from party communication to mediation to binding arbitration as the final step." [D.E. 17, pg. 6].  ABML goes on to erroneously conclude that this Court lacks subject matter jurisdiction because the Agreement does not allow IEM to seek injunctive relief from the Court

except to compel compliance with the Disputes Resolution process set forth in Article 13 of the Agreement. *Id*. at 8. The genesis of ABML's conclusion stems from its myopic interpretation of the word "hereunder" in Article 13.7 as applying only to the Dispute Resolution procedure outlined in Article 13 and not to the Agreement as a whole. However, ABML is wrong.

Article 13.7 of the Agreement states, in pertinent part, the following:

> Equitable Remedies. Each Member acknowledges that a breach or threatened breach by such Member of any of its obligations hereunder would give rise to irreparable harm to the other Members, for which monetary damages would not be an adequate remedy, and hereby agrees that in the event of a breach or threatened breach by such Member of any such obligations, each of the other Members hereto shall, in addition to any and all other rights and remedies that may be available to them in respect of such breach, be entitled to equitable relief, including a temporary restraining order, an injunction, specific performance, and any other relief that may be available from a court of competent jurisdiction (without any requirement to post bond).

[D.E. 1, pg. 49]. As explained previously, the use of the word "hereunder" in the above caption refers to the Agreement as a whole, and not just Article 13. *See* Article 15.1, [D.E. 1, pg. 43]. Therefore, Article 13.7 expressly permits IEM to file suit in court, seeking equitable relief, due to a breach by ABML of any provision of the Agreement. *Id*. at 42. The Agreement permits IEM to seek equitable relief in addition to any other rights and remedies that may be available to IEM. *Id*. ABML's argument to the contrary is meritless.

Equally unavailing is ABML's assertion that permitting this case to go forward would "eviscerate the [Agreement's] designation of a procedure culminating in binding arbitration." [D.E. 17, pg. 8]. For support, ABML focuses on Article 13.6 and argues that the waiver of the right to trial by judge or jury contained therein is "impossible to reconcile" with obtaining "final equitable relief on an issue where the ultimate merits concern an alleged breach of the Agreement." *Id*. Once again, ABML misreads the Agreement and arrives at an erroneous conclusion.

Article 13.6 of the Agreement states the following:

3

> Forum; Waiver of Right to Trial. The forum for any mediation or arbitration shall be in a location agreed to by the Members. EXCEPT AS EXPRESSLY PROVIDED HEREIN, EACH MEMBER IRREVOCABLY AND UNCONDITIONALLY WAIVES ANY RIGHT IT MAY HAVE TO A TRIAL IN COURT BY JUDGE OR JURY IN RESPECT OF ANY DISPUTE ARISING OUT OF OR RELATING HERETO OR THE TRANSACTIONS CONTEMPLATED HEREBY.

[D.E. 1, pg. 42]. Although ABML relegates the critical words of "EXCEPT AS EXPRESSLY PROVIDED HEREIN" to a footnote, it centers its conclusion on the same misguided interpretation that this language "refers to the ability of the court to compel compliance with the Disputes Resolution provisions as contemplated in article 13.7." [D.E. 17, pg. 7 n.3]. Because the word "herein" refers to the Agreement as a whole, *see* Article 15.1, [D.E. 1, pg. 43], and because Article 13.7 permits IEM to seek equitable relief *in court* for "a breach or threatened breach" of the Agreement, Article 13.7 operates as an exception to the forum waiver set forth in Article 13.6. This interpretation demonstrates that there is no conflict between Articles 13.6 and 13.7 and ABML's argument on this point falls flat.

ABML's interpretation of Article 13.7 would lead to absurd results and it is well settled in Florida that courts should refrain from interpreting contracts in such a manner. *See, e.g., James v. Gulf Life Ins. Co.,* 66 So. 2d 62, 63 (Fla. 1953) (concluding that, in contract interpretation, courts should avoid a construction that leads to an absurd result; rather, a contract should be given a reasonable construction); *Paddock v. Bay Concrete Industries, Inc.,* 154 So. 2d 313 (Fla. 2d DCA 1963) ("Looking to the other provisions of a contract and to its general scope, if one construction would lead to an absurd conclusion, such interpretation must be abandoned and that adopted which will be more consistent with reason and probability."); *Am. Med. Int'l, Inc. v. Scheller*, 462 So. 2d 1, 7 (Fla. 4th DCA 1984) ("Indeed, fanciful, inconsistent, and absurd interpretations of plain language are always possible. It is the duty of the trial court to prevent such interpretations."); *Burlington & Rockenbach, P.A. v. L. Offs. of E. Clay Parker*, 160 So. 3d 955, 958 (Fla. 5th DCA

2015) ("Finally, the contract should not be interpreted to achieve an absurd result."). Under ABML's interpretation of Article 13.7, ABML could abscond with all of the assets of the business, and then brazenly deplete all of those assets, and IEM could do nothing about it except file an arbitration proceeding seeking money damages after the timeline of Article 13 (*i.e.*, submit a Dispute Notice to the Board, wait out the 14-day consideration period, request non-binding mediation with the AAA, and finally, submit the dispute to AAA for binding arbitration) has passed. The parties understood that this procedure would be insufficient in extreme circumstances (such as the one presented in this case), which is precisely why they agreed to Article 13.7, which provides the opportunity for equitable remedies in the interim.

### B. *IEM has Stated a Claim Upon Which Relief Can Be Granted*

For its closing argument, ABML asserts that IEM fails to state a claim upon which relief can be granted because Article 13.7 "permits the Court to compel compliance with the Disputes Resolution process and nothing more." [D.E. 17, pg. 10]. As already explained, ABML's interpretation of Article 13.7 is contradicted by the definition of "hereunder" in Article 15.1. IEM has stated a claim for injunctive relief, since Article 13.7 authorizes such claims arising out of a breach of any provision in the Agreement. Nothing in Article 13.7 requires that IEM wait to file an action for injunctive relief until the other dispute resolution measures in Article 13 have taken place. [D.E. 17, pg. 42]. In other words, IEM did not have to wait until it could initiate binding arbitration with the AAA before it filed the instant case as Article 13.7 authorizes a party to seek equitable remedies at any time. *Id*. Try as it may, ABML's Motion sets forth no grounds upon which to dismiss IEM's Complaint.

### CONCLUSION

Based upon the forgoing, IEM respectfully submits that the Court should deny ABML's Motion in its entirety.

*Case No. 0:22-cv-62177-WPD*

| | |
|---|---|
| Dated this 23rd day of December, 2022. | Respectfully Submitted, |

*/s/ Julian A. Jackson-Fannin*
Kevin E. Vance
Florida Bar No. 0670464
**DUANE MORRIS LLP**
1875 NW Corporate Boulevard
Suite 300
Boca Raton, Florida 33431-8561
Tel: (561) 962-2100
kevance@duanemorris.com
pnmendoza@duanemorris.com
mlchapski@duanemorris.com

-and-

Julian A. Jackson-Fannin, Esq.
Florida Bar No.: 93220
**DUANE MORRIS LLP**
201 S. Biscayne Boulevard, Suite 3400
Miami, Florida 33131
Telephone: (305) 960-2253
jjfannin@duanemorris.com
pnmendoza@duanemorris.com
jmagarin@duanemorris.com

DM1\13736655.1